Gwinneth<br>v.<br>Thompson.

---

## HAZAEL TINKHAM *versus* TIMOTHY SMITH.     33

A special demurrer to an amended declaration on the ground of defects of form may be filed at the term of the Common Pleas when the amendment is made, that being the " first term " in respect to such amended declaration.

It is too late to file such demurrer at the next term after the amendment is made.

THIS was an action on the case to recover damages sustained by the plaintiff by reason of the defendant's revoking a submission to arbitration.

The action was originally entered at the April term 1826, of the Court of Common Pleas, and was continued to the August term. At that term the defendant filed a special demurrer to the declaration, assigning for cause a misjoinder of counts, and the plaintiff, by leave of court, amended the declaration by striking out the first count. At the November term 1826, the defendant offered a demurrer to the declaration in its amended form, assigning various special causes. This demurrer was rejected by the Court, and the defendant thereupon filed his plea, to which the plaintiff demurred specially, and the defendant joined in demurrer. At the November term 1827, *Williams* J. of C. C. P. ruled that the plea was insufficient, and gave judgment for the plaintiff.

To these proceedings the defendant filed his exceptions.

*Eddy*, for the defendant, admitted that the plea was bad, and that on general demurrer the amended declaration was sufficient ; but he said that the special demurrer to the amended declaration was rejected because it was filed too late, and this decision, he contended, was erroneous.    *Oct. 22d.*

*Wood*, for the defendant.

*Per Curiam.* The leave to amend was granted, and the amendment was made at the August term. That was the first    *Oct. 24th.*

term, then, as it respects the amendment, and the defendant had a right to file then his special demurrer. But he did not offer it until the following term, when it was rejected by the court, as coming too late. We think the decision was right. As the plea is acknowledged to be bad, the plaintiff is entitled to judgment.

*Judgment of C. C. P. affirmed.*